UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO ESPARZA,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>        Respondent. | Case No.: 1:17-cv-00848-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner filed the instant federal habeas petition challenging his state conviction. Upon conducting a preliminary screening of the petition, it appears that the petition fails to present any cognizable grounds for relief. Therefore, the Court will recommend that the petition be **SUMMARILY DISMISSED**.

**I.    PROCEDURAL HISTORY**

On April 16, 2013, Petitioner was convicted in the Fresno County Superior Court of carjacking and second degree robbery with true findings that he personally used a firearm as to each count. (Doc. No. 1.) He was sentenced to a total term of 33 years in prison. Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). On December 1, 2015, the Fifth DCA affirmed the judgment in a reasoned opinion. People v. Esparza, 2015 WL 7736853, at *1 (Cal. Ct.

App. Dec. 1, 2015). He then filed a petition for review in the California Supreme Court, and the California Supreme Court denied review on February 17, 2016. Id.

Petitioner filed his federal petition in this Court on June 26, 2017. (Doc. No. 1). As for his grounds for relief, he refers the Court to the petition for review he filed in the California Supreme Court. The claims presented in the petition for review are as follows: 1) Petitioner's jail phone call was improperly admitted as an adoptive admission by silence, or as an admission of a party opponent; 2) The current charges did not involve domestic violence so as to allow the admission of evidence of prior domestic violence under Cal. Evidence Code § 1109; and 3) The appellate court erred under California law in finding Petitioner had procedurally defaulted his instructional error claim by failing to object at trial.

**II.    DISCUSSION**

   A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

   B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). In this case, Petitioner's claims are entirely premised on state law. He does not claim a violation of the Constitution or Federal law, nor does he argue that he is in custody in violation of the Constitution or Federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Accordingly, the petition must be dismissed for failure to state a claim.

### III.     ORDER

The Court hereby **DIRECTS** the Clerk of Court to assign a District Judge to the case.

### IV.     RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the instant petition be **SUMMARILY DISMISSED** with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 13, 2017**              /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE